IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## JEROME F. SAWYERS v. STATE OF TENNESSEE

**Criminal Court for Davidson County**
**No. 99-C-2175**

---

**No. M2008-02390-CCA-R3-PC - Filed June 17, 2009**

---

The Appellant appeals the trial court's dismissal of his petition for post conviction relief. The Appellant filed his petition outside the statute of limitations. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH, and ROBERT W. WEDEMEYER, J.J., joined.

Jerome F. Sawyers, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Lacy E. Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 16, 2001, the Appellant pled guilty to possession of a controlled substance and felony possession of a firearm. He received an effective six year sentence. The Appellant was subsequently placed on probation. However, his probation was revoked on October 11, 2001, and he was ordered to serve the remainder of his original sentence. On December 3, 2002, this Court affirmed the revocation of Appellant's probation. State v. Jerome F. Sawyers, No. M2001-02878-CCA-R3-CD, 2002 WL 31694486 (Tenn. Crim. App., Dec. 3, 2002), perm. to app. denied, (Tenn. June 2, 2003). The Appellant filed the instant petition for post-conviction relief on August 25, 2008. The trial court concluded that the petition was filed beyond the statute of limitations and summarily dismissed the same. The Appellant appealed. The State filed a motion to affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20. The Court finds this motion to be well-taken.

The Appellant's post-conviction petition is clearly barred by the statute of limitations. Tennessee Code Annotated Section 40-30-102(a) provides that a petition for post-conviction

relief must be filed within one year of final judgment. The Appellant filed his petition well over seven years after the entry of his guilty pleas. The Post-Conviction Procedure Act enumerates few exceptions to this one year time limit. See Tenn. Code Ann. § 40-30-102(b). In order to qualify, the claim in the petition must be based upon a new rule of constitutional law requiring retrospective application, must be based upon new scientific evidence establishing actual innocence, or must assert relief from sentences which were enhanced because of a previous conviction that has subsequently found to be illegal. Id. None of these exceptions apply in this case.

The Appellant states in his written petition that he exercised "due diligence" in filing for post-conviction relief without the assistance of counsel. According to the Appellant, the federal sentence he is currently serving was enhanced because of his convictions in this case. He argued to the trial court, therefore, that one of the statutory exceptions to the time requirement applies to his case. The Appellant's argument is misplaced. The Act provides for an exception to the one year time limit only if a sentence was enhanced by a previous conviction which was subsequently found to be illegal. The Appellant's convictions in this case have not been invalidated. His attempt now to challenge the constitutionality of his guilty pleas does not afford him relief under this exception to the statute of limitations.

The Appellant argues on appeal that due process concerns should toll the running of the statute of limitations. However, the Appellant did not assert this claim in the written petition he filed in the trial court. Because this argument is presented for the first time on appeal, the Appellant has waived consideration of the issue. See Bobby Davis v. State, No. E2006-00667-CCA-R3-PC, 2006 WL 2684820 (Tenn. Crim. App., Sep. 18, 2006), perm. to app. denied, (Tenn. Jan. 29, 2007). Regardless, the Appellant's argument is without merit. See Tyrice L. Sawyers v. State, No. M2007-02867-CCA-R3-PC, 2008 WL 5424031 (Tenn. Crim. App., Dec. 31, 2008), perm. to app. denied, (Tenn. Apr. 27, 2009) (tolling of statute unwarranted because petitioner failed to adequately explain lengthy delay in filing petition and alleged attorney misconduct occurred before expiration of limitations period).

For the reasons stated above, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE